# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AORTIC INNOVATIONS LLC, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) C.A. NO. 23-0158 (JPM) |
| | ) |
| EDWARDS LIFESCIENCES CORPORATION, | ) **JURY TRIAL DEMANDED** |
| EDWARDS LIFESCIENCES LLC, AND | ) |
| EDWARDS LIFESCIENCES (U.S.) INC., | ) |
| | ) |
| **Edwards.** | |

## PLAINTIFF AORTIC INNOVATIONS LLC'S
## MOTION TO NARROW ASSERTED CLAIMS AND PRIOR ART ARGUMENTS

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................2

III. AORTIC'S NARROWING PROPOSAL SHOULD BE ADOPTED................................4

IV. CONCLUSION........................................................................................................................8

V. HEARING REQUESTED ......................................................................................................8

## I. INTRODUCTION

Aortic brings this motion to streamline the number of claims and prior art arguments asserted as the case approaches expert disclosures and trial. To provide for the meaningful narrowing of prior art arguments and for efficiency in a patent case, Delaware case law establishes that prior art arguments should be narrowed and counted *on a per claim basis*. E.g., *Twinstrand Biosciences, Inc. & Univ. of Washington v. Guardant Health*, C.A. No. 21-1126-GBW-SRF, D.I. 137 (D. Del.) (Ex. A) ("[P]rior art arguments shall be counted *on a per claim basis*."); *Confluent Surgical, Inc. v. HyperBranch Med. Tech., Inc.*. C.A. No. 17-688-LPS-CJB (D. Del. Oct. 30, 2017) (Ex. B at 16-17) (same); *Fundamental Innovation Sys. Intern'l LLC v. Lenovo et. al.*, C.A. No. 20-551-RGA-CJB, D.I. 154 (D. Del.) (Ex. C). (counting the same combination of references for three claims as three "prior art combinations"). [1] Edwards, however, refuses any prior art argument narrowing *on a per claim basis*. Ex. D, 1.

Instead, Edwards seeks to maintain a far more expansive set of prior art arguments and argues for 40 prior art arguments that are not counted on a per claim basis. But without per claim counting, Edwards' proposal of 40 prior art arguments amounts to 40 prior art arguments asserted

---

[1] Pursuant to Delaware law, "[a] 'prior art argument' shall be understood to be an argument that: (1) a single reference anticipates a claim; or (2) a single reference renders a claim obvious (i.e., 'single reference obviousness'); or (3) a combination of references renders a claim obvious. Thus, for example, if [Defendant] relies on prior art reference A for anticipation and for single-reference obviousness as to claim 1 of a patent, that will count as two separate prior art arguments. Or if [Defendant] relies on prior art references A + B for obviousness and A + B + C for obviousness as to claim 1 of the patent, that will count as two separate, prior art arguments. Additionally, prior art arguments shall be counted on a per claim basis, meaning that if [Defendant] asserts that prior art reference A anticipates claim 1 of a patent, and that prior art reference A also anticipates claim 2 of that patent, that will count as two total prior art arguments, one prior art argument per claim. Further, a 'prior art argument' shall consist of those reference(s) that [Defendant] utilizes to show the existence of claim limitation(s) in the prior art." E.g., *Twinstrand Biosciences, Inc. & Univ. of Washington v. Guardant Health,* C.A. No. 21-1126-GBW-SRF, D.I. 137 (D. Del) (Ex. A, n.3)

against *each and every one of the proposed 18 asserted claims*. Edwards' proposal does not reasonably streamline the case moving forward into expert disclosures and trial. Edwards' request to maintain a substantial number of prior art arguments per claim while limiting the number of Aortic's asserted claims should be rejected. Aortic respectfully requests that the Court adopt claim and prior art narrowing following established Delaware case law to provide meaningful streamlining of the case.

## II. BACKGROUND

Prior art and claim narrowing is a standard practice in the District of Delaware for streamlining cases. *Twinstrand Biosciences*, C.A. No. 21-1126-GBW-SRF, D.I. 137 (D. Del.) (Ex. A); *Confluent Surgical*, C.A. No. 17-688-LPS-CJB (D. Del. Oct. 30, 2017) (Ex. B at 16-17); *Fundamental Innovation Sys.*, C.A. No. 20-551-RGA-CJB, D.I. 154 (D. Del.) (Ex. C). Fact discovery in this case is set to close on February 27 and the parties' initial expert disclosures are due to be filed on April 3. While the parties have engaged in discussions regarding claim and prior art narrowing, the parties have been unable to reach agreement (Ex. D) and Aortic brings this motion to seek assistance from the Court in resolving the parties' dispute.

The number of currently asserted claims, prior art references, and prior art arguments are shown in the table below.

| Aortic's Current Number of Asserted Claims | Defendants' Current Number of Asserted Prior Art Arguments |
|---|---|
| 30 asserted claims | 77! (which is approximately $1.4 \times 10^{113}$) from various combinations of 77 alleged prior art references |

Aortic currently asserts 30 claims from five patents in this matter. Edwards presently asserts 77 alleged prior art references and/or devices in its final invalidity contentions and contends that those references can be combined in *any* combination or set of combinations. Ex. E, Edwards' Final

2

Invalidity Contentions, 26. For example, with respect to Cribier, Edwards purports to combine the Cribier reference with every other reference or device and combinations of those references and devices in its contentions:

> [T]he Asserted Claims are invalid as obvious under 35 U.S.C. § 103 in view of ***Cribier alone and/or Cribier in combination with one or more of*** Bailey, Baker, Baker '356, Benichou, Birdsall, Bergheim, Braido, Braido '802, Chun, Chuter '240, Cook, Cribier '321, Dehdashtian, Elliot, Elizondo '047, Essinger '047, Essinger '043, Essinger '157, Fogarty, Greenberg, Greenhalgh, Grewe, Hariton, Hartley, Koch, Iobbi, Lashinski, Liebig, Letort, Letort '926, Levi, Magovern, McLean, Navia, Norris, Rakos, Rhodes, Ryan, Sauvage, Snyders, Spenser, Spenser II, Spenser III, Staudemneir, Weber, Wen, Yohanan, Aymard, Cheung, Estridge, Hall, Jamieson, Jonas, Ko, Leyh, Pourdeyhimi, Scott, Stegmann, Walther, 9000MIS, 9000MISTFX, 9000TFXC, Intuity, SAPIEN XT, SAPIEN 3, Cooley-Meadox Knitted Double Velour graft, Hemashield Gold Knitted Double Velour Graft, Meadox Woven Double Velour graft, Microvel graft, Bionit II graft, iCast, Cragg Endopro, Fluency Plus Endovascular Stent Graft, Cloth Part Number 196422, and/or Acurate 3F Enable, and/or 3F Entrata.

*Id.*, 31-32 (emphasis added). In other words, Edwards' current contentions assert creating any combination of Cribier with any combination of 77 other references. Edwards provides similar disclosures for each of its references purporting to combine every reference with every other reference or combination of multiple references. *Id*., 32-130. Edwards' final invalidity contentions also include voluminous, combined reference claim charts for each asserted patent purporting to combine each of its references in virtually any combination. *E.g.*, Ex. F (Edwards Final Invalidity Contentions, Ex. B1). Because Edwards purports to combine its seventy-seven references and other art in virtually any combination with one or more other references, the number of prior art arguments currently asserted by Edwards is more than 77! (which is approximately $1.4 \times 10^{113}$). Accordingly, Aortic brings this motion for prior art argument narrowing to help focus and streamline the case as it approaches expert disclosures and trial.

3

## III.    AORTIC'S NARROWING PROPOSAL SHOULD BE ADOPTED

The parties agree that the number of claims and prior art arguments should be narrowed. Ex. D. The parties' respective claim and prior art argument narrowing proposals are provided below with highlighting to demonstrate the main differences.

| Parties' Claim and Prior Art Argument Narrowing Proposals | Aortic's Proposal | Defendants' Proposal |
|---|---|---|
| **Asserted Claims** | No more than **18 claims** four weeks prior to the service of initial expert reports with no limit on number of patents. | No more than **14 claims** from four patents three weeks prior to the service of initial expert reports. |
| **Prior Art Arguments** | By two weeks thereafter, Defendant shall further narrow its Section 102/103 invalidity case to no more than **36 prior art arguments** (or a proportional number if fewer asserted claims are selected). A "prior art argument" shall be understood to be an argument that: (1) a single reference anticipates a claim; or (2) a single reference renders a claim obvious (i.e., "single reference obviousness"); or (3) a combination of references renders a claim obvious. Thus, for example, if Defendant relies on prior art reference A for anticipation and for single-reference obviousness as to claim 1 of a patent, that will count as two separate prior art arguments. Or if Defendant relies on prior art references A + B for obviousness and A + B + C for obviousness as to claim 1 of the patent, that will count as | By two weeks thereafter, Defendant shall further narrow its Section 102/103 invalidity case to no more than **40 prior art arguments**.[2] A "prior art argument" shall be understood to be an argument that: (1) a single reference anticipates a claim; or (2) a single reference renders a claim obvious (i.e., "single reference obviousness"); or (3) a combination of references renders a claim obvious. Thus, for example, if Defendant relies on prior art reference A for anticipation and for single-reference obviousness as to claim 1 of a patent, that will count as two separate prior art arguments. Or if Defendant relies on prior art references A + B for obviousness and A + B + C for obviousness as to claim 1 of the patent, that will count as two separate, prior art arguments. Further, a "prior art argument" shall consist of those |

---

[2] Edwards' proposed 40 prior art arguments are without per claim counting which results in 40 prior art arguments for *each and every one of the proposed 18 asserted claims*.

| Parties' Claim and Prior Art Argument Narrowing Proposals | Aortic's Proposal | Defendants' Proposal |
|---|---|---|
| | two separate, prior art arguments. Additionally, prior art arguments shall be counted on a per claim basis, meaning that if Defendant asserts that prior art reference A anticipates claim 1 of a patent, and that prior art reference A also anticipates claim 2 of that patent, that will count as two total prior art arguments, one prior art argument per claim. Further, a "prior art argument" shall consist of those reference(s) that Defendant utilizes to show the existence of claim limitation(s) in the prior art. | reference(s) that Defendant utilizes to show the existence of claim limitation(s) in the prior art. |
| **Good Cause** | Any claims or prior art arguments no longer asserted because of narrowing will be dismissed without prejudice, and may be added back into the case upon a showing of good cause. | |
| **Further Narrowing Before Trial** | If further narrowing of claims and/or prior art arguments is needed for trial, the parties will confer and submit a joint proposal for further narrowing 30 days before pretrial, or else submit contested proposals for further narrowing at that time. | The parties will confer and submit a joint proposal for further narrowing 30 days before pretrial, or else submit a contested proposal for further narrowing at that time. |

Ex. D at 1-3. While Aortic's proposal provides a balanced narrowing of the asserted claims and prior art following Delaware case law, Defendants' proposal is one sided and attempts to limit Aortic's number of asserted claims without meaningfully narrowing its prior art arguments. Aortic's claim and prior art argument narrowing proposals should be adopted for at least the reasons below:

**Number of Asserted Claims**: Aortic proposes that that the case be narrowed to 18 asserted claims 4 weeks prior to service of initial expert disclosures on April 3. Aortic's proposed claim

5

narrowing follows other Delaware cases for claim narrowing at this stage of the case. *Twinstrand Biosciences*, C.A. No. 21-1126-GBW-SRF, D.I. 137 (D. Del.) (Ex. A) (narrowing to 20 asserted claims); *Confluent Surgical*, C.A. No. 17-688-LPS-CJB (D. Del. Oct. 30, 2017) (Ex. B at 16-17) (narrowing to 16 asserted claims); *Fundamental Innovation Sys.,* C.A. No. 20-551-RGA-CJB, D.I. 154 (D. Del.) (Ex. C) (narrowing to 16 asserted claims).

Edwards proposes that Aortic narrow its asserted claims to 14 claims from 4 asserted patents (from the 5 patents currently asserted) three weeks before initial expert disclosures. But Edwards' proposal provides for fewer claims at this stage of the case than Delaware case law allows. Further, Edwards' proposal seeks to require that Aortic narrow the number of asserted patents, which Delaware cases expressly do not require. *Twinstrand Biosciences*, C.A. No. 21-1126-GBW-SRF, D.I. 137 (D. Del.) (Ex. A, 1) ("There is no per patent limit on the number of asserted claims."); *Fundamental Innovation Sys.*, C.A. No. 20-551-RGA-CJB, D.I. 154 (D. Del.) (Ex. C, 2) ("[T]here is no per-patent limit."). Edwards' proposal is also objectionable because specifying that Aortic perform its claim narrowing 3 weeks before initial expert disclosures would not give Aortic the same amount of time given to Edwards to review Edwards' narrowed prior art arguments prior to the deadline for initial expert disclosures (*i.e.*, with Aortic's narrowing due 3 weeks before initial expert disclosures and Edwards' selection of prior art arguments due 2 weeks later, Aortic would only have one week—not two—before the deadline for initial expert disclosures to review Edwards' selections.) Edwards' proposed lower number of asserted claims, limitation on the number of patents, and the disproportionate amount of time it provides to Aortic before the initial expert disclosure deadline should be rejected.

**Number of Prior Art Arguments:** The parties also dispute the number of prior art arguments and the timing of their disclosure in their respective narrowing proposals. With respect

6

to the number of prior art arguments, Aortic proposes no more than 36 prior art arguments counted on a per claim basis, while Edwards proposes 40 prior art arguments for *each and every one of the proposed 18 asserted claims*. Aortic's proposed narrowing is in line with Delaware case law for narrowing prior art arguments at this stage of the case. *Twinstrand Biosciences*, C.A. No. 21-1126-GBW-SRF, D.I. 137 (D. Del.) (Ex. A) (narrowing to 40 "prior art arguments" for 20 asserted claims); *Confluent Surgical,* C.A. No. 17-688-LPS-CJB (D. Del. Oct. 30, 2017) (Ex. B at 16-17) (narrowing to 48 "prior art arguments" for 16 asserted claims); *Fundamental Innovation Sys.*, C.A. No. 20-551-RGA-CJB, D.I. 154 (D. Del.) (Ex. C) (narrowing to 32 "prior art combinations" for 16 asserted claims).

Aortic does not oppose Edwards having up to 40 prior art arguments if prior art arguments are counted *on a per claim basis* consistent with Aortic's proposal and Delaware case law. *E.g., Twinstrand Biosciences,* C.A. No. 21-1126-GBW-SRF, D.I. 137 (D. Del.) (Ex. A, n.3). The main dispute between the parties' proposals concerns whether Edwards' prior art arguments should be counted on a per claim basis. Aortic's proposal follows Delaware cases which provide for the counting of "prior art arguments" **on a per claim basis** for case streamlining and efficiency. *Twinstrand Biosciences*, C.A. No. 21-1126-GBW-SRF, D.I. 137 (D. Del.) (Ex. A) ("[P]rior art arguments shall be counted *on a per claim basis*."); *Confluent Surgical*, C.A. No. 17-688-LPS-CJB (D. Del. Oct. 30, 2017) (Ex. B) (same); *Fundamental Innovation Sys.,* C.A. No. 20-551-RGA-CJB, D.I. 154 (D. Del.) (Ex. C) (counting the same combination of references for three claims as three "prior art combinations").

In contrast to Aortic's proposal and Delaware case law, Edwards' proposal does <u>not</u> require counting prior art arguments on a per claim basis. Instead, Edwards seeks to maintain a substantial number of prior art arguments—*i.e.,* 40 prior art arguments *without* per claim counting which

7

would amount to 40 prior art arguments for each and every one of the proposed 18 asserted claims. Edwards' attempt to maintain up to 40 prior art arguments for each and every asserted claim is prejudicial to Aortic and does not meaningfully streamline Edwards' prior art arguments in this case as it approaches expert disclosures and trial.

With respect to the timing of narrowing Edwards' prior art arguments, as discussed above, Aortic proposes that Edwards' narrowing be made two weeks before initial expert disclosures to give Aortic equal time—*i.e.*, 2 weeks—to review Edwards' narrowed prior art arguments. This two week time period is commensurate with the two week time period that Edwards will have to review Aortic's narrowing of asserted claims under both parties' proposals. Edwards' proposal, which would unfairly give Aortic only one week for review prior to the submission of initial expert disclosures should therefore be rejected.

**Further Narrowing Before Trial:** Both parties agree that further narrowing of claims and prior art may be needed before trial. Edwards' proposal is objectionable because it attempts to mandate further narrowing in advance even though such narrowing may not be needed. Aortic's proposal, on the other hand, specifies that the parties may meet and confer and propose additional claim and prior art narrowing if needed.

## IV. CONCLUSION

Aortic respectfully requests that the Court adopt Aortic's narrowing proposal—based on Delaware case law—and require that Edwards' prior art arguments be narrowed on a per claim basis.

## V. HEARING

Aortic is available for a hearing on its Motion to Narrow Asserted Claims and Prior Art Arguments if the Court determines that one would be helpful.

Dated: February 3, 2025

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Robert M. Vrana*
Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
rvrana@ycst.com

**MCKOOL SMITH, P.C.**
John Campbell
jcampbell@McKoolSmith.com
Geoffrey L. Smith
gsmith@mckoolsmith.com
Caroline E. Burks
cburks@mckoolsmith.com
Stone Martin
smartin@mckoolsmith.com
MCKOOL SMITH, P.C.
303 Colorado, Suite 2100
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Casey L. Shomaker
cshomaker@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

**ATTORNEYS FOR PLAINTIFF AORTIC INNOVATIONS LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that, prior to the filing of the above motion, the parties met and conferred on this issue via Zoom on January 10, 2025, and were unable to reach a resolution. Present on the call for Edwards was Doug Winnard and Brian Egan. Present on the call for Aortic was Geoffrey Smith and Adam Poff.

<i><u>/s/ Robert M. Vrana</u></i><br>
Robert M. Vrana