IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AORTIC INNOVATIONS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-158 (MN) |
| | ) |
| EDWARDS LIFESCIENCES CORPORATION, | ) |
| EDWARDS LIFESCIENCES LLC and | ) |
| EDWARDS LIFESCIENCES (U.S.) INC., | ) |
| | ) |
| Defendants. | ) |

**EDWARDS' RESPONSE TO AORTIC'S
NOTICE OF SUBSEQUENT AUTHORITY (D.I. 450)**

Pursuant to D. Del. LR 7.1.2(b), Defendants Edwards Lifesciences Corp., Edwards Lifesciences LLC, and Edwards Lifesciences (U.S.) Inc. (collectively, "Edwards") submit this Response to Aortic's Notice of Subsequent Authority (D.I. 450) (Aortic's "Notice"). Exhibit A attached to Aortic's Notice is not subsequent authority, but a notice of allowance issued for the '389 Application, which shares a specification with the Asserted Patents but recites different claims. Although Aortic asserts that the '389 Application "includes similar claims with claim elements that are the subject of Edwards' written description and indefiniteness assertions in its summary judgment briefing," Aortic did not provide the Court with a copy of the allowed claims. (D.I. 450.) Edwards attaches those claims as Exhibit 1.

As to written description, the claims support Edwards' motion. Claim 7 of the '389 Application recites a radially expandable "stent frame" and a self-expanding "distal frame assembly" that "are formed as a single monolithic frame." (Ex. 1 at 1-2.) This reaffirms Edwards' argument that the "single monolithic frame" from the specification has both balloon-expandable and self-expanding components. (D.I. 397 at 9-10.) It also contradicts Aortic's argument that the

specification's "single, monolithic frame" cannot be made of both types of frames because Aortic told the opposite to the PTO by filing for claim 7. (D.I. 428 at 10.) Further, the issued claims do not recite the "two-row" minimum, so their issuance does not support Aortic on that issue.

As to indefiniteness, Aortic's new claims support Edwards' mixed device-and-method indefiniteness motion. Aortic, apparently recognizing the problem Edwards raised, drafted claims that use distinguishable "configured for" language, rather than the impermissible method language Edwards challenges. (Ex. 1 at 1, 5.) Moreover, Exhibit A does not address the "spacings" issue or the record on it. The Examiner stated it was "impossible for the Examiner to review the references thoroughly with the length of references cited [and] the limited time given for examination," with several documents having "as many as over 1000 pages." (D.I. 450-1 at 3.) The Examiner's inability to review thoroughly is also clear from the timing: Aortic submitted thousands of pages on September 22, and the Examiner issued Exhibit A less than three weeks later, on October 10. Exhibit A is an attempt by Aortic to "coax[]" the Patent Office into allowing patent claims it may later assert or use to bolster its case against Edwards. (*See* D.I. 404, Ex. 35, 68:24-69:1.) It is not relevant "authority" that supports Aortic's opposition to Edwards' Motion for Summary Judgment.

| | |
|---|---|
| OF COUNSEL:<br><br>Christy G. Lea<br>Joshua J. Stowell<br>Brian C. Barnes<br>KNOBBE MARTENS<br>2040 Main Street, 14th Floor<br>Irvine, CA  92614<br>(949) 760-0404<br><br>Brian C. Horne<br>KNOBBE MARTENS<br>1925 Century Park East, Suite 600<br>Los Angeles, CA  90067<br>(310) 551-3450<br><br>Alan E. Littmann<br>Doug Winnard<br>Michael T. Pieja<br>Xaviere N. Giroud<br>Madeline R. Thompson<br>Oren Kriegel<br>Katherine P. Kieckhafer<br>GOLDMAN ISMAIL TOMASELLI BRENNAN<br>    & BAUM LLP<br>200 South Wacker, 22nd Floor<br>Chicago, IL  60606<br>(312) 681-6000<br><br>October 22, 2025 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>/s/ Brian P. Egan<br>_____<br>Brian P. Egan (#6227)<br>Anthony D. Raucci (#5948)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>began@morrisnichols.com<br>araucci@morrisnichols.com<br><br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 22, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Adam W. Poff, Esquire<br>Robert M. Vrana, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| John Campbell, Esquire<br>Geoffrey L. Smith, Esquire<br>Caroline E. Burks, Esquire<br>Stone Martin, Esquire<br>MCKOOL SMITH, P.C.<br>303 Colorado, Suite 2100<br>Austin, TX 78701<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Casey L. Shomaker, Esquire<br>MCKOOL SMITH, P.C.<br>300 Crescent Court, Suite 1500<br>Dallas, TX 75201<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ *Brian P. Egan*

Brian P. Egan (#6227)